USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/14/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

PAUL GRIMMETT,

                           **Plaintiff,**                    15-CV-07351 (AT)(SN)

        -against-                         **OPINION AND ORDER**

**CORIZON CORRECTIONAL MEDICAL
ASSOCIATES OF NEW YORK, et al.,**

                           **Defendants.**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

By letter dated December 31, 2015, pro se plaintiff Paul Grimmett moves the Court to grant his request for pro bono counsel. For the reasons set forth below, the motion is denied without prejudice.

A federal judge has "broad discretion" when deciding whether to appoint counsel to an indigent litigant. Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986). See Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994). "There is no requirement that an indigent litigant be appointed pro bono counsel in civil matters." Id. at 789; 28 U.S.C. § 1915(e).

The factors to be considered in ruling on a motion for pro bono counsel are well settled and include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Of these, "the factor which command[s] the most attention [is] the merits." Indeed:

>Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent. Id.

Here, Grimmett filed this action, seemingly pursuant to 42 U.S.C. § 1983, alleging that as an inmate Riker's Island he was denied medical treatment for a tooth abscess, resulting in permanent hearing damage and bone loss. The defendants' response to the complaint is due by February 12, 2016. At this stage in the litigation, the merits of Grimmett's case are not so apparent as to warrant the appointment of counsel.

Accordingly, the Court denies Grimmett's application without prejudice, with leave to reapply for counsel at a later date, when the Court has had an opportunity to more critically evaluate his claims. Until then, the Court encourages Grimmett to continue his efforts to retain pro bono counsel.

The Clerk of Court is directed to terminate the motion at ECF No. 22.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   New York, New York
         January 14, 2016

cc:      Paul Grimmett (*by Chambers*)
         14-A-0575
         Fishkill Correctional Facility
         P.O. Box 1245
         Beacon, NY 12508